Petition of ROBERT W. GREENE and SILAS W. FIELD for an Opinion of the Court.

Parties who concur in stating a case for the opinion of the court, pursuant to Pub. Stat. R. I. cap. 192, § 23, must be parties adversely interested in the question submitted.

A trustee and the holder of a mortgage given by such trustee are not adversely interested in the question whether the trustee had power to make the mortgage.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*October 5,* 1891. PER CURIAM. This is a petition by Robert W. Greene, trustee, and Silas E. Field, for an opinion of the court. It sets forth that one Robert W. Potter, being seized and possessed of certain real estate situated in Providence, and being indebted to sundry persons, executed and delivered to George W. Hayward a trust deed of such real estate, a copy of which trust deed is filed as Exhibit A; that both Potter and Hayward have since deceased; that, soon after the death of Potter, Hayward, as trustee under the trust deed mentioned, mortgaged the trust estate for $3,000, which paid and satisfied the indebtedness referred to in the trust deed, except that due to Anna E. Greene, described in the trust deed as

two judgments; that no question is made as to the validity of this mortgage, or its priority as a lien upon the trust estate; that Hayward desiring to be relieved as trustee under the deed, another deed was executed by him to the petitioner, Robert W. Greene, a copy of which is also filed as Exhibit B, for the purpose and with the intention and belief of all parties that thereby said Robert W. Greene was substituted as trustee under the trust deed in the place of Hayward, with all the powers, duties, and obligations of the original trustee, and that said Greene has since acted as sole trustee of the trust estate, and still claims and believes himself to be duly qualified as such; that the judgment for $1,779.52, referred to in the trust deed as the property of Anna E. Greene, was really due to her son, Augustus A. Greene, and that he, desiring to use the money represented by it, and it being inconvenient for said Anna E. Greene to pay the money to him, it was agreed that that sum, and a further sum, as a loan from her to him, should be raised by another mortgage, which was duly negotiated and executed, and is now held by the petitioner, Silas E. Field; that upon a recent attempt by the petitioner, Robert W. Greene, as such trustee, to negotiate another mortgage whereby to raise funds to pay and satisfy the two prior mortgages upon the trust estate, doubts were raised as to the validity of such proposed mortgage. Upon these facts the petitioners desire the opinion of the court upon two questions: —

*First.* Is Robert W. Greene a trustee of the trust estate with the powers originally conferred upon George W. Hayward because of the execution of the deed from Hayward to him referred to; or did the death of Hayward require this court to appoint a new trustee under Pub. Stat. R. I. cap. 178, §§ 1, 2?[1]   *Second.* Is a

---

[1] As follows: —

SECT. 1. Whenever a will or other instrument creating a trust shall not provide for the appointment of trustee therefor, or for the reappointment of a trustee in case of a vacancy in the office thereof, the Supreme Court may, upon a petition in equity brought by any person interested in such trust, setting forth the facts, and after due notice to all parties interested therein, do all things in relation to such trustee, his appointment and removal, as said court might do upon a bill in equity brought for that purpose.

SECT. 2. Upon the filing of any petition for the appointment or removal of

mortgage, a copy of which is filed as Exhibit C, including the written request of and direction of Anna E. Greene, the *cestui que trust*, indorsed thereon, a valid execution of the powers of a trustee so as to be security for the sum due upon the note described therein, and if not to the full amount, is it security for the amount due to Augustus A. Greene from Anna E. Greene, on account of the judgment for $1779.52 and costs?

The petition is preferred under Pub. Stat. R. I. cap. 192, § 23, which provides that "any person interested in any question of the construction of any statute of this State, or of any will, deed, or other writing, or of title or evidence of title to any real or personal estate contracted to be sold or which is to be otherwise dealt with, or as to the parties to, or as to the form of any deed or instrument for carrying such contract into effect, or as to any other matter or thing within the jurisdiction of a court of equity, may concur in stating such question in the form of a special case for the opinions of the court," etc.

The court is of the opinion that the petition does not come within this provision, since it does not show that the persons who have concurred in stating the case and the questions arising thereon for the opinion of the court are adversely interested in the questions submitted. They are a trustee and the holder of a mortgage given by such trustee. Their interests, therefore, are not opposed, but lie in the same line, namely, to sustain the power of the trustee to give the mortgage held by the other, for the purpose of enabling the trustee by a new mortgage to raise money wherewith to pay the old. If the court should answer the questions propounded, it would merely give its opinion upon the matters involved, but such an opinion would not amount to an adjudication of those matters, since an adjudication, necessarily, presupposes parties before the court, having adversary interests or claims.

The provision above quoted, in a statute of which Pub. Stat. R. I. cap. 192, § 23, is a reënactment, was construed by this court

---

any trustee under the provisions of the preceding section, the clerk of the court with whom such petition shall be filed shall issue a citation to all parties interested, which citation shall be served in such manner as said Supreme Court may prescribe.

in the petition of Samuel A. Champlin and others for an opinion, decided at the October Term, 1880. In its rescript the court said: " The statute contemplates ' a case ' between opposing parties, which the opposing parties, or at least some of them, ' concur ' in stating. The petition simply propounds questions. It does not state a case involving adversary claims for decision. The petitioners are not opposing parties. The court by answering their questions would simply gratify their curiosity, but it would settle or determine nothing."

As parties having adversary claims have not concurred in stating the questions submitted, the petition, under the authority of the case cited, must be dismissed.　　　　　*Petition dismissed.*

*Stephen A. Cooke, Jun., & Louis L. Angell*, for petitioners.

The case alluded to and cited in the foregoing opinion is the next following one.